IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELIZABETH J.,**[1]<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-00724-IM<br><br>**OPINION AND ORDER** |

Kevin Kerr, P.O. Box 14490, Portland, OR 97293. Attorneys for Plaintiff.

Natalie Wight, Acting United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Sarah Moum, Special Assistant United States Attorney, Office of General Counsel, Social Security Administration, 701 5th Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075.

**IMMERGUT, District Judge.**

　　Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying his application for Title XVI Supplemental Security Income ("SSI"). For the following reasons, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks omitted) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff was born in 1989. AR 250. She has no past relevant work. AR 193. Plaintiff filed an application for SSI on July 17, 2019, alleging disability since January 1, 2008. AR 180. She was 18 years old on the alleged onset date. AR 235.

Plaintiff's application was denied initially and upon reconsideration. AR 235–247; 250–265. Plaintiff requested a hearing. AR 277. Plaintiff appeared with counsel at an administrative hearing on February 8, 2021, before ALJ Diane Davis. AR 202.

The ALJ issued an unfavorable decision on April 8, 2021. AR 180–195. On April 16, 2021, Plaintiff requested review of the ALJ's decision by the Appeals Council. AR 5, 343–344. On January 25, 2021, the Appeals Council denied the request for review making the ALJ's decision the Commissioner's final administrative decision in this case. AR 1–7. Plaintiff now seeks review of the Commissioner's decision.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (disability insurance benefits), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's

>    RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.
>
> 4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*Id.; see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1099, 1100; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v),

PAGE 5 – OPINION AND ORDER

416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## A. The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the date of her application, July 17, 2019. AR 183. The ALJ found at step two that Plaintiff "has the following severe impairments: depression and intellectual disorder." *Id*. The ALJ concluded at step three that none of Plaintiff's impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 202, Subpart P, Appendix 1. AR 183–186. The ALJ further found that Plaintiff:

> [H]as the residual function capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can understand, remember and carry out simple routine tasks that can be learned and mastered in thirty days or less. The claimant can also work in proximity to others, tolerating routine interaction with supervisors, and occasional contact with coworkers and the general public. Additionally, the claimant can perform work that involves infrequent changes in workplace routine. At such levels, the claimant can maintain concentration, persistence, or pace within customary norms, make simple work-related decisions, plan and set goals, travel, and recognize and avoid ordinary workplace hazards.

AR 186–87. The ALJ found at step four that Plaintiff had no past relevant work. AR 193. Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC, as well as the testimony from a vocation expert. AR 194. The ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff can perform. *Id.* The ALJ identified the following potential jobs: (1) Cleaner II, DOT 919.687-014; (2) Kitchen Helper, DOT 318.687-010; and (3) Industrial Cleaner/Sweeper, DOT 389.683-010. *Id.* As a result, the ALJ found Plaintiff not disabled. AR 195.

PAGE 6 – OPINION AND ORDER

## DISCUSSION

Plaintiff raises three contentions: (1) the ALJ erred in rejecting Plaintiff's subjective symptom testimony; (2) the ALJ erred in evaluating the medical opinion of Dr. Katherine Warner, Ph.D.; and (3) the Appeals Council erred by declining to exhibit additional evidence submitted. Each argument is addressed in turn.

### A. The ALJ Did Not Err in Evaluating Plaintiff's Subjective Testimony

1. **Legal Standards**

There is a two-step process used in the Ninth Circuit for evaluating a claimant's testimony about the severity and effect of the claimant's symptoms. *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the [plaintiff] meets this first test, and there is no evidence of malingering, 'the ALJ can reject the [plaintiff's] testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not

arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345–46).

The ALJ's evaluation of a claimant's subjective symptom testimony may be upheld overall even if not all of the ALJ's reasons for rejecting the testimony are upheld. *See Batson*, 359 F.3d at 1197. However, the ALJ may not reject testimony "solely because" the claimant's symptom testimony "is not substantiated by objective medical evidence." *Robbins*, 466 F.3d at 883.

2. **Analysis**

The ALJ, applying the first step of the credibility framework, found that "the claimant's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms." AR 189. In applying the second step of the required analysis, however, the ALJ found that "the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

Plaintiff argues that the ALJ evaluated her symptoms under a non-differential standard by concluding that her statements are not "entirely consistent with the medical evidence and other evidence in the record." ECF 11 at 5 (citing AR 189). Plaintiff explains that no authority requires a claimant's subjective symptoms be "entirely consistent" with the record, and thus applying the "not entirely consistent standard" was an error of law. ECF 11 at 5.

Plaintiff's argument is misguided. As the Commissioner correctly asserts, an ALJ must evaluate the consistency of a claimant's statements with the objective medical evidence, as well as with the other evidence in the record, such as the claimant's course of treatment and her activities. 20 C.F.R. § 416.929(c); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

PAGE 8 – OPINION AND ORDER

In assessing Plaintiff's symptom testimony, the ALJ first pointed to inconsistencies between her testimony and activities and reports in the record. AR 189–190. A claimant's daily activity levels are a relevant factor an ALJ should consider. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Plaintiff testified at the hearing that she does not have very many friends, and that half of her days are so bad that she does not want to leave the house. AR 215-16. The ALJ stated that the record demonstrates that Plaintiff has lots of friends and is actively dating and in relationships. AR 184 (citing AR 627, 633, 635, 637, 641, 877, 885, 890, 896, 899, 902, 912–913, 925, 935, 961, 963, 965, 969). Two of these citations from the ALJ are therapy sessions in December 2020, where Plaintiff reported that "she doesn't like being alone" and that she goes "from one relationship to another due to not liking to be alone." AR 635, 913. The ALJ also explained that Plaintiff indicated that she does have friends and that she took several trips to visit friends, family, and significant others. AR 915, 921, 935, 955. One of these citations from the ALJ is a therapy session in October 2020, where Plaintiff reported that her friends have been helping her when she was being harassed by her ex significant other. AR 921. The ALJ also pointed to Plaintiff's trip to Oklahoma in 2017 where she took a Greyhound bus by herself to visit her sister for two months. AR 223. The ALJ further explained that the record reflects that plaintiff lived with her parents at times, and at other times with friends or significant others. AR 912-13, 915, 939, 941, 961.

This level of activity and socialization was inconsistent with Plaintiff's testimony that she is so depressed most days that she can't get out of bed. AR 215-16. Therefore, the ALJ's rejection on this basis is supported by substantial evidence.

The ALJ then pointed to inconsistencies between Plaintiff's symptom testimony and the objective medical evidence. AR 189. While an ALJ may not reject subjective symptom testimony solely due to a lack of objective medical evidence, such objective evidence is a useful indication as to the intensity and persistence of alleged symptoms. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). A claimant's course of treatment is also a relevant factor for an ALJ to consider in weighing symptom testimony. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ found that Plaintiff's mostly normal examination results during her treatment further contradicted her testimony. AR 189. While an ALJ may not reject subjective symptom testimony solely due to a lack of objective medical evidence, such objective evidence is a useful indication as to the intensity and persistence of alleged symptoms. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Here, the ALJ cited to tests given by Dr. Warner where Plaintiff presented as oriented, attentive, and able to discuss current events. AR 189, 498. The ALJ also discussed Plaintiff's psychiatric findings where she had normal mood, affect, behavior, judgment, and thought content. AR 190, 518, 613-14, 663, 739, 755, 931-32. The ALJ addressed Plaintiff's abnormal findings including her IQ score of 67, and her scores on the math assessment on the Wide Range Achievement Test-4, which fell within the impaired range. Plaintiff's spelling and reading scores fell in the average and low average ranged, respectively. AR 189, 499-500. The ALJ accounted for these mental limitations in Plaintiff's RFC. AR 191.

The ALJ also found that Plaintiff's conservative treatment further contradicted her testimony. AR 190. The amount and type of treatment is an important indicator of the intensity and persistence of a claimant's symptoms 20 C.F.R. § 416.929(c)(3)-(4). Here, the ALJ discussed that Plaintiff was actively receiving counseling to treat her anxiety and depression, but no medication services. AR 190. The ALJ acknowledged Plaintiff's testimony that she had tried

five different medications but testified that she was allergic to all of them. *Id.* The ALJ further explained that Plaintiff' testified that these medications gave her side effects of increased panic attacks, dizzy spells, and nausea, and that she had recently tried a medication two months prior to the hearing. *Id.* However, the ALJ determined that there was no support for this testimony in the record. *Id.*

Accordingly, this Court finds no error in the ALJ's evaluation of Plaintiff's symptom testimony.

## B. The ALJ Did Not Commit Harmful Error in Finding the Opinions of Non-Examining Doctors Persuasive

### 1. Legal Standards

For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c governs how an ALJ must evaluate medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). Under these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). To that end, there is no longer any inherent extra weight given to the opinions of treating physicians. Instead, the ALJ considers the "supportability and "consistency" of the opinions, followed by additional sub-factors, in determining how persuasive the opinions are. *Id*. §§ 404.1520c(c), 416.920c(c). The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id*. §§ 404.1520c(b), 416.920c(b). The ALJs are not required to explain how they considered other secondary medical factors, unless they find that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id*. §§ 404.1520c(b)(3); 416.920c(b)(3).

2. **Analysis**

Plaintiff challenges the ALJ's evaluation of Dr. Warner's medical opinion. ECF 11 at 9. Dr. Warner evaluated Plaintiff in October 2018. AR 497–508. Dr. Warner conducted tests as part of her evaluation and found that Plaintiff has an intellectual impairment. AR 501. Dr. Warner opined that Plaintiff's intellectual impairment and depression interfere with her activities of daily living, concentration, persistence and pace, and moderately interfere with her social functioning. AR 507. Dr. Warner also opined that Plaintiff was markedly limited in her ability to remember work-like procedures and locations, to maintain attention and concentration for extended periods of time, to sustain an ordinary routine without special supervision, to travel to unfamiliar places, and to set realistic goals and make plans. AR 505-06.

Here, the ALJ addressed supportability and consistency in finding the opinion of Dr. Warner less persuasive than the state agency's opinion. AR 192. The ALJ explained that Dr. Warner's opinion was supported by testing, but not supported by findings on mental status examinations nor the record as a whole. *Id.* The ALJ stated that Dr. Warner's opinion was also not consistent with the record. *Id.* More specifically, the ALJ explained that the record reflected that Plaintiff is more social and active than she alleges, which is at odds with Dr. Warner's opinion that Plaintiff had overall moderate limitations in social functioning, and overall marked limitations in performing her activities of daily living. *Id.* As explained previously, Plaintiff told Dr. Warner that on most days she does not leave the home because she is so depressed and anxious. However, the record reflects that Plaintiff is much more social than she alleges, given her many travels to see friends and family and her dating history. AR 627, 633, 635, 637, 641, 877, 885, 890, 896, 899, 902, 912–913, 925, 935, 961, 963, 965, 969. The ALJ also explained that Dr. Warner's opinion was inconsistent with most of the objective medical evidence. AR 192. The record demonstrates that Plaintiff had normal mood and affect at most of her medical

PAGE 12 – OPINION AND ORDER

appointments, including during treatment for a miscarriage and an ectopic pregnancy. AR 240, 259, 518, 524, 536, 613, 654, 663, 680, 684, 727, 744, 748, 755, 761, 931.

The ALJ also found that Dr. Warner's opinion was based heavily on Plaintiff's subjective symptom complaints, AR 192, which the ALJ reasonably rejected, as discussed above. "A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.' " *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). This issue is complicated, however, in the context of psychiatric evaluations, which "may appear subjective," but "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* In *Buck*, the Ninth Circuit concluded that because a psychiatric evaluation involved "a clinical interview and a mental status evaluation" in addition to a review of the claimant's self-reports, the doctor's "partial reliance on [the claimant's] self-reports symptoms [was] … not a reason to reject his opinion." *Id.*

Here, Dr. Warner conducted several objective tests. AR 497–513. Although Dr. Warner's findings appear to be based primarily on Plaintiff's reporting, this reporting was obtained through clinical interview, and Dr. Warner also conducted a mental residual function capacity report. AR 505–08. As such, although the ALJ properly discredited Plaintiff's own testimony, this was not a proper reason to disregard Dr. Warner's report. Nonetheless, because the ALJ gave at least one specific and legitimate reason for discounting Dr. Warner's opinion, the Court upholds the ALJ's decision to do so.

PAGE 13 – OPINION AND ORDER

In sum, the ALJ acted in accordance with his responsibility to determine the credibility of medical opinion evidence and he gave specific, legitimate reasons for discrediting Dr. Warner's medical opinion. *See Matney v. Sullivan*, 981 F.2d 1016, 1019–20 (9th Cir. 1992).

## C. The Appeals Council Did Not Err By Declining to Consider Additional Evidence

### 1. **Legal Standard**

The Appeals Council will only consider additional evidence if the claimant shows good cause for not submitting the evidence prior to the ALJ hearing. 20 C.F.R. §§ 404.970(b); 416.1470(b). Specifically, "the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5); 416.1470(a)(5).

In order for new evidence to be "material," the court must find that, had the agency considered this evidence, the decision might have been different. *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990). The court need only find a reasonable possibility that the new evidence would have changed the outcome of the case. *See Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380-81 (9th Cir. 1984). The new evidence, however, must be probative of the claimant's condition as it existed at or before the time of the disability hearing. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 511 (9th Cir. 1987).

"[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the

PAGE 14 – OPINION AND ORDER

ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r*, 659 F.3d 1228, 1233 (9th Cir. 2011). When considering the new evidence, the district court first determines whether the Appeals Council was required to consider the new evidence. *See id.* at 1231.

The issue this Court must address is "whether, in light of the newly submitted evidence, the ALJ's decision remains supported by substantial evidence; whether it is still the case that 'a reasonable mind' would find there is enough evidence to support the ALJ's decision even if the additional evidence had been considered." *Lukesic v. Saul*, 2021 WL 1105155, at *4 (E.D. Cal. Mar. 23, 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 115 (2019) (explaining substantial evidence standard)).

2. **Analysis**

After the February 8, 2021, hearing on Plaintiff's claim, the ALJ issued an unfavorable decision on April 8, 2021. AR 180-195. Plaintiff requested Appeals Council review of that decision on April 16, 2021. AR 350. Plaintiff's counsel submitted new evidence to the Appeals Council, which included 138 pages from SkyLakes Medical Center, dated October 13, 2014 through April 7, 2021. AR 2, 20–157.

On January 25, 2022, the Appeals Council denied Plaintiff's request for review. The Notice of the Appeals Council Action ("Notice") states: "You submitted reasons that you disagree with the decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council." AR 1. The Notice acknowledged the submission of 138 pages of medical records from SkyLakes Medical Center as additional evidence but states "we find this evidence does not show a reasonable probability that it would change the outcome of the decision" and the evidence was not considered. AR 2. The accompanying Order of Appeals Council states: "The Appeals Council has received additional evidence, which it is making part

of the record. That evidence consists of the following exhibits: Exhibit 17B Request for Review of Hearing Decision dated April 16, 2021 (2 pages)." AR 6. The additional evidence does not appear on the Appeals Council exhibit list, although it is included in the Administrative Transcript prepared for this Court.

      Plaintiff argues that the Appeals Council failed to consider new evidence that was submitted following the ALJ's unfavorable decision. ECF 11 at 14-15. Plaintiff asserts that the Appeals Council should have found these records probative, because they addressed a deficiency that the ALJ pointed to in the record when issuing an unfavorable decision. *Id.* at 15. More specifically, Plaintiff testified that she had tried five different medications to address her anxiety and depression, and that she was experiencing side effects of increased panic attacks, dizzy spells, and nausea because of the medications. AR 214. The ALJ stated that there was "no support for this in the record[.]" AR 190. Plaintiff argues that these additional medical records from SkyLakes Medical Center include Plaintiff's complaints of dizzy spells and her history of vertigo in May 2019, and therefore, the ALJ's unfavorable decision is no longer supported by substantial evidence. ECF 11 at 15 (citing AR 517).

      The ALJ's decision is supported by substantial evidence because these additional medical records would unlikely change the outcome of this case. These additional medical records show brief treatment for dizzy spells in 2020. In June 2020, medical providers suspected that her dizzy spells were actually panic attacks, and she was prescribed Zoloft. AR 20. Her complaints of dizziness resolved on June 18, 2020, until she had another dizzy spell after the hearing in February 2021 that improved only a month later. AR 106, 117, 149. The ALJ concluded that there was no support for Plaintiff's testimony that her mental health medications were causing

side effects including dizziness. AR 190. This short period of dizzy spells does not undermine the ALJ's decision.

In March 2021, Plaintiff visited the emergency department, and Holter monitor testing indicated that her heart palpitations might be caused by supraventricular tachycardia ("SVT"). AR 112. In May 2021, after a cardiology consult, it was determined that Plaintiff's symptoms were consistent with sinus tachycardia rather than SVT. AR 115.

Plaintiff alleges she has ongoing severe panic symptoms but her own reporting of her symptoms is very inconsistent. In March 2021, she reported that "all symptoms are new in recent months" but then one month later reported that she was experiencing "2 years of symptoms." AR 112, 104. In June 2021, she reported experiencing some shortness of breath and fatigue, but denied any "severe" symptoms. AR 165. The new medical evidence does not corroborate Plaintiff's allegations of regular panic attacks and heart palpitations.

These medical records presented to the Appeals Council do not undermine the ALJ's decision, as it remains supported by substantial evidence notwithstanding this new medical evidence.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this __5th__ day of __September__, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge